MEMORANDUM *
Hui Hao petitions for review from the order of the Board of Immigration Appeals (“BIA”) denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252 and grant the petition.
On May 15, 2006, Hao filed a motion to reopen before the BIA. The Government does not dispute Hao’s declaration that he filed the motion to reopen based on ineffective assistance of counsel within ninety days after conferring with newly appointed counsel.
The BIA denied the motion to reopen on January 17, 2007. It held that Hao failed to exercise due diligence in seeking reopening. It alternatively concluded that he had not shown that ineffective assistance of counsel prejudiced his case.
Seven months later, on August 17, 2007, this court published its decision in Ghahremani v. Gonzales, 498 F.3d 993 (9th Cir.2007). In Ghahremani, we held that the petitioner’s hiring of new counsel after his appeal was denied by the BIA “illustrates a paradigmatic case of due diligence.” Id. at 1000. We also concluded that the fact that the petitioner’s retained counsel did not provide him with “vital information” regarding his prior counsel’s deficiencies “does not undermine Ghahremani’s exercise of due diligence.” Id. In Iturribar-ria v. INS, 321 F.3d 889 (9th Cir.2003), we held that the ninety-day limitations period for filing a motion to reopen did not begin to run until the petitioner had “met with his new counsel to discuss his file and first became aware of [his prior counsel’s] alleged fraud.” Id. at 899.
Here, the record supports Hao’s contention that he acted with due diligence in seeking the advice of counsel within thirty days of the BIA’s decision. He has also demonstrated that he filed his motion to reopen within ninety days of being informed by pro bono counsel to present his claim of ineffective assistance of counsel. Accordingly, the BIA abused its discretion in concluding that he was not entitled to equitable tolling.
In denying the motion to reopen, the BIA also stated that Hao was not prejudiced by his trial attorney’s alleged ineffective representation. The record shows that the IJ found that Hao’s trial counsel had failed “to substantiate” that Hao suffered a cigarette burn. The IJ stated: “[T]he better way in the future is to have properly identified photographs from qualified individuals.” Hao’s trial counsel’s failure to present corroborative physical evidence of torture may have affected the IJ’s decision regarding Hao’s credibility. See Singh v. Ashcroft, 301 F.3d 1109, 1112 (9th Cir.2002) (“An adverse credibility determination may be reversed ... when the applicant has provided corroborating evidence, even if the IJ had some basis for disbelieving the applicant.”).
We are persuaded that Hao demonstrated plausible grounds for relief on his motion to reopen. The petition for review is GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. 36-3.